Good morning. May it please the court. My name is Barbara Creel. I represent Sambhalavan Sophanthabong, petitioner appellant in this case. I'd like to reserve one minute for rebuttal if I may. You may. Thank you. The Supreme Court has stated that a guilty plea is a grave and solemn act. A guilty plea must be a voluntary expression of the defendant's own choice. In order to be valid, a guilty plea must be voluntary, intelligent, and cannot be the result of threats or misrepresentation or coercion. In this case, Mr. Sophanthabong was a juvenile of the time the crime was committed. There's another element too, isn't there? Your Honor? Is there another element in accepting a guilty plea? It must be voluntary, knowing, and intelligent. The fella has to be confident. Yes, that's correct. Was this kid confident? The 16-year-old kid confident? I think he was competent, Your Honor. What does it say in the record? Any one single sentence in the record that says that kid was competent? There's nothing in the record with regard to competency. Did anybody ever inquire whether or not he was confident? There was some inquiry at the juvenile remand, the waiver hearing, in which there was a question of whether he should be even tried as an adult. And the issue there was whether he could understand, whether he was the acts. There was a psychological evaluation that was done at that time that said that he was amenable to treatment, even though he could understand what he was doing. He could still be treated as a juvenile and be rehabilitated. How much schooling did he have? Mr. Sophanthabong came here when he was five from Laos. What's that? He came here from the country of Laos. How much schooling did he have in America? He was in school until about the age of 15, 16, which was the time the event occurred. First grade through 15? That's correct. Those are important factors that Your Honor is raising because it all goes to what Mr. Sophanthabong understood at the time that he entered his plea. And looking at it in terms of the Supreme Court constitutional standards, he understood that he would be able to have a That understanding came from whom? From his attorney. He was entitled to rely on Mr. Bertone and Mr. Bertone's advice. This is true because he came from a different country. He was a juvenile and he had no previous experience in the criminal justice system. There is some information on the record that said he was involved in all kinds of acts that would require him to be waived into adult court, but he had no experience with the criminal justice system. There was one referral in 1990, which was four years previous, in which he was caught stealing baseball cards. That event was taken care of with a diversion program and he successfully completed it. At his waiver hearing, his juvenile court counselor got up and explained that was the only time he had ever been referred to the system. Counsel, would you please apply the Strickland test to your propositions that you're advancing here? Yes, Your Honor. In this case, we must show that, number one, the attorney's performance fell below the standard of competence. That is, it wasn't within the range of what we would expect a competent criminal defense attorney to provide. That's a very high standard. That's a very high standard. That's correct. And number two, we must show prejudice. In the case of a guilty plea, you have to show that but for counsel's error, the defendant would not have pled guilty. Reasonably would not have pled guilty. That there's a reasonable probability that he would not have pled guilty. And in this case, we meet both those tests. Number one, because Mr. Bertone's juvenile client was wrong. Was wrong in several aspects. Counsel, what's your best case authority that misadvisement constitutes ineffective assistance of counsel? That would be IA versus Sun, which is the Ninth Circuit case. It's 800 F. 2nd, 861. And in that case, the Ninth Circuit found that a mere prediction alone would not constitute ineffective assistance. But a misrepresentation that rose to the level of just vitiating voluntary and intelligence at the time of the plea would. Counsel, what's the evidence in the record that there was a misrepresentation as opposed to a misadvisement? First of all, Mr. Bertone told Mr. Savantabang that he would be eligible for a second look program. According to the record, what's the exact language that he used? If you look at the affidavit of counsel, the only information we have on this particular point is the affidavit of counsel in which Mr. Bertone was explaining to the post-conviction court what he thought he told the client at the time. Right. And also we have. Where's that in the excerpts of And so you say that the affidavit of counsel reflects that counsel misrepresented your client's entitlement to the second look. Is that what you're talking about? I'm sorry. It's page 72, paragraph 4. Yes. That's only one of the pieces of misinformation that he gave. He said. Counsel, there's a difference between misinformation and misrepresentation. If the counsel in good faith misinterprets a provision of the law, that is not considered misrepresentation. And so there has to be evidence in the record that there is a deliberate misrepresenting of the state of the law as opposed to a misstatement regarding the law. So are you saying that there was a deliberate misrepresentation on part of counsel? I don't think there's anything in the law that says it has to be deliberate, meaning that it has to be intentional for the deliberate to the extent that the information was wrong. So your position is anytime there's wrong information, if an attorney misinterprets the law, that's ineffective assistance of counsel for purposes of the Strickland analysis? No, Your Honor. It has to also reach. It has to be unreasonable. It has to reach to a level that actually vitiates the voluntariness and the It sounds like you're equating misadvisement, the attorney's wrong, with misrepresentation. Is that what you're doing? It could rise to that level. Yes, Your Honor. So what does this court mean in the case you cited where they talked about the misadvisement is not incompetency? It was an inaccurate. In that case, the court said an inaccurate prediction, meaning the judge might sentence you to 10 years. He might not. That's just a wrong prediction on the outcome. When you look at what was actually said to Mr. Savantavong, Gary Bertoni said that I've said no guarantees were made that he would be eligible for, quote, second look. I made it clear to him that the question would have to be litigated and that it couldn't really be tested before he reached the halfway point of his sentence. And then you look at later the findings of that. That's a misrepresentation, you say? If you look at the difference between the applicability of the law, which means am I even entitled to step into this realm of second look, and the eligibility of an individual who may or may not actually get the second look. Two different things. Applicability and eligibility. The way he explained it to Mr. Savantavong is that he might be eligible, meaning second look would apply after he served seven and a half years, then he could file this petition, go before the court, and it would have to be litigated. That's the way Mr. Savantavong understood it. Did he also tell him that there was a different view of his eligibility? Yes, he told him that the prosecutor believed second look would not apply. Well, before you go to that, counsel, is incompetency of counsel dependent exclusively upon intentional acts of counsel or negligent acts? It could be both. Of course. It could be completely inexperienced. It doesn't have to be a misrepresentation as long as he acted negligently and didn't know what he was talking about. And I think that's correct. We also have to look to the fact that Mr. Bertoni created a scenario which was wrong because he told that information about second look. He also told the client that he was facing 242 months. That was completely incorrect based on the sentencing guidelines at the time. He also told him he may or may not be, he could be convicted of aggravated murder. That was also incorrect based on the analysis that I presented in the brief. The problem with this case is that nobody knew what the law was. The judge, the lawyer, the client, the prosecutor, nobody knew what the law was. And nobody attempted to find out what the law should, what it was. I think that's correct. But I also think that there is evidence in the record to show that Mr. Savantavong rebutted the presumption of correctness of any of those findings, the credibility findings. And this court can find that those decisions of the court were unreasonable and they should grant release in this case. All right, counsel, you've exceeded your time, but we will give you one minute for rebuttal. Thank you. I appreciate it. May it please the Court, Tim Sylvester for the State of Oregon in this case. I'll apologize ahead of time. I'm losing my voice this morning. I'll try to make it through. With respect to Judge Ferguson's question about competency, was he, this is a case, as I explained in my brief, that first went through the juvenile court. There was a hearing in juvenile court in which it was determined that defendant had sufficient, petitioner had sufficient maturity that he should be remanded to adult court to stand trial on these charges. Is the process due to a 16-year-old under the criminal justice system the same process that is due to an adult? No, of course not. But there is... Well, what's the difference? Well, in the State of Oregon, the way this is handled at the time this case was tried is the person first is charged in juvenile court. There is a hearing in juvenile court to make a factual determination whether he is of sufficient maturity in order to stand trial in adult court as an adult. That was handled in juvenile court in the State of Oregon. Petitioner appealed from that determination, as I set forth in my in the State appellate courts. Now, petitioner never made any sort of collateral challenge to that determination in this proceeding. He went into State post-conviction court. He never once in the State post-conviction court challenged collaterally the determination that he was of sufficient maturity to stand adult in trial in adult court. He never once challenged his competency to stand trial or to plead guilty. Well, isn't that an incompetent counsel who doesn't do that? Well, if there's no evidence in this record, no evidence whatsoever in this record suggests that petitioner was not sufficiently competent. And when he went into district court on the 2254 petition, he did not allege that he was incompetent. So that issue is not at all before this court today. The only issue that is before this court today is whether Mr. Pertoni misadvised petitioner in reference to the plea bargain that the State offered. And as I put forth in my brief, everything Pertoni Isn't competency a question of, isn't voluntariness a question of competency? Can you voluntarily agree to something when you're not competent to make it? I would agree with that you can. You can, even though, even though the judge says this kid was, was extremely difficult for him. Well, of course it's extremely difficult. He's charged with aggravated murder and facing the rest of his life in prison. Of course, it's extremely difficult. A 16 year old kid extremely difficult is entirely different than an adult extremely difficult. Will you clarify something for me, counsel? Yes. At the time the crime was committed, what age was he? He was 16 almost. At the time the plea was entered, how old was he? I believe he was 17, not yet 18 at the time the plea was entered. And there was an adequate colloquy on the record. He was represented by competent counsel. The court made a finding that it was knowing involuntary. And as I say, this is a 2254 action. And so what is before this court is the claims that he raised in the state post-conviction court. And he never in the state post-conviction court challenged his competency. And so to the extent that there's any question of competency, that claim is long since procedurally defaulted and it's not before this court. The Supreme Court has said time after time after time again that when it comes to the criminal justice system, you treat juveniles differently than you treat adults. And you have to make sure that they completely understand what they're doing. Which is correct. And that's what we did in this case. We had a whole separate proceeding to determine whether it was appropriate for it to remand him. The state court made that determination. And that determination is not at issue in this case today. It is on the issue of whether or not his attorney was incompetent in not raising it, counsel. Well, no, because he never made the claim in state post-conviction court that my counsel provided ineffective assistance by failing to challenge my competency. The only claim that he raised in the state post-conviction court is that my counsel provided inadequate assistance by misadvising me with respect to the law. And as I set forth... When you're talking about he, you're talking about his lawyers. His lawyers. That's correct. If you've got incompetent lawyers, you can't hold it against the kid. That's correct. But as I set forth in my brief, what his lawyer told him was absolutely 100% correct as a matter of state law. Now, petitioner comes here today and says, well, counsel misadvised me about the applicability of second look. What his counsel told him, which was absolutely correct, at the time he pleaded guilty, there was a question about whether second look would be available to him. Mr. Bertoni consulted with attorneys in his office, consulted with other people, consulted with the prosecutor. He got conflicting advice. And that particular issue has never actually been determined as a matter of state law, whether it applies retroactively to petitioner. But at the time Mr. Bertoni gave him that advice, what he told him was, I can't guarantee you this. There is a question about it. In seven and a half years, but I can't make you any guarantees. And so in that situation, what Mr. Bertoni told him was absolutely correct. Now, as far as their petitioner also makes a couple of arguments about misadvice with respect to sentence, the advice as a sentence was absolutely correct. The advice as far as aggravated murder and felony murder were absolutely correct. This defendant was charged with aggravated murder to conceal. In order to prosecute somebody from aggravated murder to conceal a crime, the state does not have to allege and prove, and did not allege, that he personally committed the murder. All we have to do is prove that he intentionally participated in a murder in which the victim was killed in order to conceal the identity of the robbers. And as I put forth in my brief, that's what this evidence showed. Defendant, petitioner went into this house. They knew the victim. They knew the victim. They were robbing at gunpoint the mother of one of the defendant's former girlfriends. She knew who they were. They go in there without masks. They go in there armed. Defendant kicks this woman in the face, punches her in the face, in an effort to get her to tell where the money is. When she resisted, that's when she was murdered.  This petitioner committed aggravated murder. And so that's why he was scared, is because he was charged with aggravated murder, and there was more than sufficient evidence to convict him of aggravated murder. Now, the mere fact that the defendant is scared because he's got the charge hanging over his head that the state can prove and that he's looking at life in prison does not make his plea involuntary. For purpose of involuntariness, what the petitioner has to establish is that he was misadvised by Mr. Bertoni. Now, with respect to the charge of felony murder, as I put forth in my brief, petitioner expressly admitted on the record in the post-conviction court that he committed felony murder. For a petitioner to come here today and say, well, I actually had some defenses to felony murder, it's a little late to be raising that now. He admitted in the state post-conviction court that he was guilty of felony murder. And in any event, the potential defenses for felony murder that are set forth in the statute would not apply to this defendant for the reasons I put forth in my brief. This was all that- Counsel, his lawyer, at the time that this plea was entered, made this statement. Will you talk in terms of voluntariness, threats or promises? No. There have been no threats or promises. Voluntariness exceeds threats or promises, Counsel, doesn't it? Yes, it does. And it's known to be voluntary. The lawyer didn't believe that. Isn't that an incompetent lawyer that doesn't understand that? Well, the issue is that when you plead guilty is whether it's knowing and voluntary, okay? And the question of voluntariness is a question whether there are any threats or promises. And there were, in fact, no threats and promises. There's never been any allegation in this case that anybody, that there was anything other than the four corners of the plea agreement that was agreed to between parties in this case. Now, as far as knowing, I think what Your Honor is getting at is the question of whether his plea was knowing because he had been misadvised. And that issue was litigated before the State Post-Conviction Court. The State Post-Conviction Court found, as a matter of fact, that he was not misadvised, found, as a matter of fact, that Petitioner would have pleaded guilty anyway. Petitioner bore the burden of proof on those. This is a 2254 action. And under 2254d, he has an obligation to show by clear and convincing evidence that the State Court's factual determinations are not correct. And there's more than sufficient evidence that was before the State Post-Conviction Court to support both of those findings. And that's the end of it. This is a 2254d-2 case. Unless the Court has any questions, that's all I have. All right. Thank you, counsel. Rebuttal, one minute. Even giving the State Court decisions the deference that are due does not prevent this court from granting relief. The decisions that are conclusions of law by the State Court, which involve knowingness and voluntariness and intelligence, are absolutely reviewable. Those have some factual facts. Findings mixed in there, but they're ultimately conclusions of law. You don't have to project your voice. Did he understand what was happening at the time might be a subjective, factual question. But whether or not his plea was knowing and voluntary is a legal conclusion and can and should be reviewed under Federal constitutional standards. It should be found that it does not meet the standards that are required for the grave and solemn act of a guilty plea, especially because the child was involved here and did not understand what was going on, especially because he relied on his attorney's advice and his parents' advice. If you look in the excerpt of the record, pages 85 to 89, his mother, his father, and his brother were all told that he could get a second look after seven and a half years if he accepted this 15-year guilty plea. They all advised him to take his attorney's advice. He did so, was prejudiced by it, lost the opportunity to litigate the factual questions that opposing counsel is now raising. He could have raised all those issues at the trial and lost the opportunity. All right. Thank you, counsel. The case just argues stand submitted. We'll be in recess for five minutes. First, we'll be in recess for five minutes. We'll be in recess for five minutes. Can you get us into our actual chambers too from the main elevator? No, you don't need that because you're in the elevator. Yeah, we're on the third floor. Yeah, we need a heater. If you're in this elevator, you don't need a heater. Right. I was just thinking of the morning on the first of May. Yeah. With that heat level in our chambers, it's not going to fall back. It's going to be on the cell phone or something like that. Because that would be really helpful. Yeah. Because right now we have a poker face camera in the door so we can get it open. Because we have no other way to get in our own chambers unless we are in the door. That's a great idea. I would rather not in case somebody is coming to jail early or something. Oh, okay. You don't want one? No. Oh, okay. Thank you. Thank you. Okay. Right, right, okay. That would be great. Thank you very much.  All rise. The next case on calendar for argument is Custer versus Hill. Good morning. May it please the court, my name is Don Hill.
judges: Alarcon, Ferguson, Rawlinson